**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Northern Division

GROUP HOME ON GIBSON ISLAND, LLC,
et al.,
                    Plaintiffs,

            v.

GIBSON ISLAND CORPORATION,

                    Defendant.

Civil Action No. 1:20-cv-00891-DLB

---

**GIBSON ISLAND CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 105, Defendant Gibson Island Corporation ("GIC") hereby respectfully moves for summary judgment on all counts and all claims in the First Amended Complaint of Plaintiffs Group Home on Gibson Island, LLC ("GHGI") and Assisted Living Well Compassionate Care 2, LLC ("ALW2"), ECF No. 47.

Plaintiffs assert that GIC has engaged in disability discrimination in violation of the federal Fair Housing Act ("FHA") and its nearly identical Maryland counterpart by preventing Plaintiffs from building and operating a for-profit assisted living facility for nine seniors at 1753 Banbury Road ("Banbury") on Gibson Island, Maryland. Plaintiffs make these claims even though GIC expressly approved Plaintiffs' proposed facility twice—a fact the First Amended Complaint omits.

As set forth more fully in the accompanying Memorandum in Support and Statement of Undisputed Material Facts, Plaintiffs either have not adequately alleged or have failed to come forward with evidence sufficient to sustain the various theories of discrimination they advance. Specifically:

1.      On Plaintiffs' reasonable accommodation claim (42 U.S.C. § 3604(f)(3)(B); Md. Code Ann., State Gov't § 20-706(b)(4)), GIC's approvals mean that Plaintiffs cannot establish

1

either that (1) Plaintiffs' proposal was "necessary"—*i.e.*, that it would have provided more therapeutic benefits to Banbury's potential residents than the robust alternative GIC approved— or (2) GIC "refused to make" a reasonable accommodation.

2.      On Plaintiffs' claim that GIC "made unavailable or denied" housing because of disability (42 U.S.C. § 3604(f)(1); Md. Code Ann., State Gov't § 20-706(b)(1)), Plaintiffs cannot sustain a *prima facie* case of intentional disability discrimination because (1) GIC did not, in fact, deny housing to Banbury's prospective residents—they approved it—and (2) GIC did not, in or around the same time, approve or informally permit similar use of another home for individuals without disabilities.

3.      While Plaintiffs appear to allege discrimination in "the terms, conditions, or privileges of [the] sale or rental [of Banbury], or in the provision of services or facilities in connection with [Banbury]" (42 U.S.C. § 3604(f)(2); Md. Code Ann., State Gov't § 20-706(b)(2)), Plaintiffs offer no facts that fit this plain language, recycling their inapposite "make unavailable or deny" allegations instead. Moreover, none of the terms of GIC's approval of a facility at Banbury were "because of" the disabilities of Banbury's potential residents.

4.      On the claim that GIC coerced, intimidated, threatened or interfered with Plaintiffs' owner, Craig Lussi, by defaming him for exercising fair housing rights (42 U.S.C. § 3617; Md. Code Ann., State Gov't § 20-708), Plaintiffs—two companies—lack standing because they are alleging harm to Lussi, not to themselves. Even if they had standing, they cannot show that the alleged defamation constitutes "adverse action" sufficient to trigger liability, nor have they satisfied the elements for a claim of defamation.

5.      On their disparate impact claim, Plaintiffs have alleged the selective and discriminatory application of facially neutral rules to *them* in *this* case, not the neutral application

of a rule with a disparate impact on individuals with disabilities as compared to individuals without disabilities, as required. Therefore, they have not even alleged disparate impact, much less adduced evidence sufficient to survive summary judgment.

WHEREFORE, for these reasons and those more fully explained in the accompanying Memorandum in Support and Statement of Undisputed Material Facts, there is no genuine dispute of material fact that Plaintiffs cannot sustain any of their claims, and so summary judgment should be granted in GIC's favor.

GIC notes that, on July 26, 2022, less than a week before this Motion was due, Plaintiffs moved for leave to file a Second Amended Complaint. *See* ECF No. 64. The proposed Second Amended Complaint has not been approved for filing, and GIC plans to oppose Plaintiffs' motion for leave. All references and cites in the Memorandum in Support of this Motion are to the First Amended Complaint.

For the Court's convenience, a proposed Order is attached.

Respectfully Submitted,

/s/ Seth A. Rosenthal
Seth A. Rosenthal (Bar # 10780)
Katherine W. Morrone (Bar # 21810)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4000
Fax: (202) 344-4300
sarosenthal@venable.com
kwmorrone@venable.com

*Attorneys for Gibson Island Corporation*

/s/ Craig D. Roswell
Craig D. Roswell (Bar # 09529)
NILES BARTON AND WILMER LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
Tel: (410) 783-6300
Fax: (410) 783-6363
cdroswell@nilesbarton.com

*Attorney for Gibson Island Corporation*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 1, 2022, a copy of the foregoing was served via electronic mail to all counsel of record.

*/s/ Seth A. Rosenthal*
Seth A. Rosenthal