**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GROUP HOME ON GIBSON ISLAND, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GIBSON ISLAND CORPORATION,<br><br>Defendant. | Civil Action No. 1:20-cv-00891-LKG |

**DEFENDANT GIBSON ISLAND CORPORATION'S
MOTION TO REOPEN DISCOVERY**

Pursuant to the Court's Pretrial Scheduling Order, dated October 1, 2025 (ECF No. 127), Defendant Gibson Island Corporation ("GIC"), by its undersigned counsel, hereby files this Motion to Reopen Discovery ("Motion"). Pursuant to Local Rule 105.6, GIC requests a hearing on the Motion.

The landscape of this case has changed significantly since fact discovery closed more than three years ago in 2022 and expert discovery closed more than four years ago in 2021. Events that have unfolded since then are relevant and important to the claims asserted by Plaintiffs Group Home on Gibson Island, LLC ("GHGI") and Assisted Living Well Compassionate Care 2, LLC ("ALW2") (collectively, "Plaintiffs"), through their principal, Craig Lussi ("Lussi") and warrant a limited reopening of fact discovery. For example, the following events warrant exploration prior to trial: (1) Lussi's recent assertion that there is a new partial owner of GHGI and that partial owner is disabled and living in the single-family home known as Banbury, apparently with others whom Lussi described as disabled; (2) Lussi's continued belligerent, rule-breaking behavior; and (3) Lussi's numerous new assertions of wrongful or discriminatory behavior by GIC, including assertions that were made for the first time when this case was on appeal to the Fourth Circuit.

Additionally, this evolution of facts and positions Plaintiffs have put at issue in the last four years demonstrate that certain experts will assist the jury in understanding issues that were of lesser significance or altogether unknown at the original expert disclosure deadline. Accordingly, GIC respectfully requests that this Court re-open limited fact and expert discovery.

WHEREFORE, for these reasons and those more fully explained in the accompanying Memorandum in Support, GIC respectfully requests an order providing that: (1) it shall be permitted to conduct particular fact depositions within seventy-five days of the Court's ruling on this motion; (2) it shall have the right to have its psychiatric/ADHD/personality disorder expert conduct an independent psychiatric examination of Craig Lussi within thirty days of the completed depositions; (3) it shall have the right to make expert disclosures sixty days thereafter; and (4) it shall produce its experts for deposition within forty-five days after those disclosures.

For the Court's convenience, a proposed Order is attached.

Dated: October 24, 2025

Respectfully submitted,

*/s/ Stacie E. Tobin*

Stacie E. Tobin (Bar # 11331)
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Tel: (410) 244-7878
setobin@venable.com

Katherine W. Morrone (Bar # 21810)
600 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 344-4262
kwmorrone@venable.com

Craig D. Roswell (Bar # 09529)
NILES BARTON AND WILMER LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
Tel: (410) 783-6300
cdroswell@nilesbarton.com

*Attorneys for Gibson Island Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2025, a copy of the foregoing was served via CM/ECF on all counsel of record.

*/s/ Stacie E. Tobin*
Stacie E. Tobin